36 F.3d 1093
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: NICHOLS & ASSOCIATES TRYON PROPERTIES, INCORPORATED;
In Re: Saybein Partners, a New York General
Partnership, Debtors.
NICHOLS & ASSOCIATES TRYON PROPERTIES, INCORPORATED; Tryon
Associates, Limited; Connecticut Mutual Life
Insurance Company; Saybein Partners,
Plaintiffs-Appellees,
v.
UNITED CAPITOL INSURANCE COMPANY, Defendant-Appellant,
Brunswick Insurance Agency, Incorporated, d/b/a The
Brunswick Companies; Blue Ridge Insurance
Services Agency, Incorporated; Willis
E. Fickey, Defendants-Appellees,
and
Pilot Property Casualty Agency, Incorporated, Defendant.
 No. 93-1753.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1994.
Decided Sept. 14, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CA-91-231-3-MU, CA-91-251-3-MU).
 ARGUED: Cynthia J. Morris, Piper & Marbury, Washington, DC, for appellant.
 James Patrick Cooney, III, Kennedy, Covington, Lobdell & Hickman, Charlotte, NC, for appellees.
 ON BRIEF: Joseph V. Gote, Marianne Mancino Thiede, Piper & Marbury, Washington, DC, for appellant.
 W.D.N.C.
 VACATED AND REMANDED.
 Before RUSSELL and MICHAEL, Circuit Judges, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant United Capitol Insurance Company ("United Capitol") appeals from an order of the district court affirming the bankruptcy court's entry of a default judgment against it. For the reasons stated herein, we vacate the decision of the district court and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 This appeal arises from an adversary proceeding filed in the bankruptcy court by Nichols & Associates Tryon Properties, Inc. ("Nichols"), Saybein Partners ("Saybein"), Tryon Associates, Limited ("Tryon"), and Connecticut Mutual Life Insurance Company ("Connecticut Mutual") against United Capitol to recover the proceeds of a physical damage insurance policy issued by United Capitol covering the Tryon Mall in Charlotte, North Carolina, which was destroyed by fire on April 18, 1989.
 
 
 3
 Approximately three months before the fire, Nichols had acquired the Tryon Mall, which was subject to a first deed of trust held by Connecticut Mutual and a second deed of trust held by Tryon. Because Nichols defaulted on the payment due to Tryon, the Superior Court of Mecklenburg County, on March 6, 1989, entered an order authorizing a foreclosure sale of the Tryon Mall on March 28, 1989.
 
 
 4
 On March 13, 1989, Nichols applied to United Capitol for physical damage insurance covering the Tryon Mall. United Capitol approved the coverage, which insured the Tryon Mall in the amount of $4,200,000 for physical damage loss to "real property" and $980,000 for "loss of rents." The policy designated "Aubry B. Nicholas and Associates, Inc." as the named insured.[1]
 
 
 5
 On March 28, 1989, Nichols recorded the deed to the Tryon Mall property, submitted a premium payment to United Capitol, and filed a voluntary petition for Chapter 11 bankruptcy. In accordance with the automatic stay provisions of the bankruptcy code, the foreclosure sale of the Tryon Mall authorized by the Mecklenburg County court was postponed. The bankruptcy court subsequently lifted the automatic stay on April 17, 1989 to allow the sale of the Tryon Mall, which Tryon purchased for $1,677,580.[2] Approximately twelve hours after the sale, in the early morning of April 18, 1989, a fire broke out in the Firestone store located in the Tryon Mall, resulting in heavy damage.
 
 
 6
 In February 1990, Nichols' trustee in bankruptcy submitted to United Capitol a "Proof of Loss" which estimated Nichols' total damages to be $273,424. Because of what it claimed were irregularities in connection with the issuance of the policy, United Capitol denied coverage for the claim. Nichols, Saybein, Tryon, and Connecticut Mutual filed an adversary proceeding in the bankruptcy court asserting various state law claims against United Capitol for its refusal to provide coverage.[3]
 
 
 7
 After several months of discovery, the bankruptcy court, citing United Capitol's continued failure to comply with the court's discovery orders, granted judgment by default against United Capitol in the amount of $272,424. United Capitol appealed to the district court, contending that the bankruptcy court had abused its discretion by imposing such a harsh sanction. The district court affirmed, finding that the bankruptcy court had "properly applied the four-part test of Mutual Federal Savings & Loan v. Richards & Associates, 872 F.2d 88 (4th Cir.1989)." United Capitol now appeals to this court.
 
 II.
 
 8
 On appeal, United Capitol contends that the bankruptcy court erred when it entered a default judgment against United Capitol because it did not have jurisdiction over the adversary proceeding. We disagree.
 
 
 9
 Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction. Their jurisdiction is defined by 28 U.S.C. Secs. 157 and 1334. We begin our analysis with 28 U.S.C. Sec. 1334(b), which grants the district courts jurisdiction over three categories of bankruptcy proceedings: 1) civil proceedings "arising under" the bankruptcy code; 2) civil proceedings "arising in" a case under the bankruptcy code; and 3) civil proceedings "related to" a case under the bankruptcy code. Because the bankruptcy court, as a unit of the district court, derives its jurisdiction from the district court, we must first determine whether the adversary proceeding filed against United Capitol is subject to the jurisdiction of the district court as set out in section 1334(b).
 
 
 10
 Appellees contend that the adversary proceeding at issue here comes under the district court's jurisdiction because it is "related to" the Nichols bankruptcy case. The courts of appeals have developed various definitions of what constitutes a "related to" case under section 1334(b). Under the Third Circuit's definition, which we cited with approval in A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1002 n. 11 (4th Cir.), cert. denied, 479 U.S. 876 (1986), a civil proceeding is related to bankruptcy when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy," Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original). "[E]ven a proceeding which portends a mere contingent or tangential effect on a debtor's estate meets the broad jurisdictional test articulated in Pacor." Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. ( In re Titan Energy, Inc.), 837 F.2d 325, 330 (8th Cir.1988).
 
 
 11
 Applying the Pacor definition to the case before us, we find that the adversary proceeding filed against United Capitol could conceivably have an effect on the Nichols bankruptcy estate. Under the terms of the consent order, the insurance proceeds will be used to pay expenses which would otherwise be charged to the estate. Thus, requiring United Capitol to cover the disputed claim will reduce the total amount of claims lodged against the estate, leaving more of the estate's general assets available for use in creating a viable plan of reorganization. Accordingly, we conclude that the adversary proceeding filed against United Capitol was sufficiently related to the Nichols bankruptcy to have allowed the district court to exercise jurisdiction under section 1334(b).[4]
 
 
 12
 Because the bankruptcy court derives its jurisdiction from the district court pursuant to 28 U.S.C. Sec. 157, our determination that the district court had jurisdiction pursuant to section 1334(b) does not end the analysis. We must next determine whether, under 28 U.S.C. Sec. 157, the bankruptcy court had jurisdiction to hear and enter final orders in the adversary proceeding filed against United Capitol.
 
 
 13
 Section 157 separates bankruptcy litigation into three categories: 1)core proceedings; 2) non-core related proceedings; and 3) noncore unrelated proceedings. Canal Corp. v. Finnman ( In re Johnson ), 960 F.2d 396, 399 (4th Cir.1992). Bankruptcy judges are authorized to enter appropriate orders and judgments in core proceedings. 28 U.S.C. Sec. 157(b)(1). Bankruptcy judges may also hear non-core related proceedings, but they may not enter final orders absent the consent of all the parties. 28 U.S.C. Sec. 157(c)(2).
 
 
 14
 The meaning of "core proceedings" is illuminated by the context in which it appears. Subsection 157(b)(1) vests full judicial power in bankruptcy courts over "core proceedings arising under title 11, or arising in a case under title 11." Core proceedings, thus, must "arise in" or "arise under" a title 11 case. Wood v. Wood ( Matter of Wood ), 825 F.2d 90, 96 (5th Cir.1987); 1 Collier Bankruptcy Manual Sec. 3.01 at 3-37 (3d ed.1993). An "otherwise related to" proceeding, therefore, can never constitute a core matter because, by definition it relates to the bankruptcy in a way different from one that does "arise in" or "arise under" a title 11 case. 1 Collier on Bankruptcy Sec. 3.01 at 3-37; Canal Corp., 960 F.2d at 402 (holding that related proceedings "cannot be treated as core proceedings pursuant to [ Northern Pipeline Constr. Co. v.] Marathon [Pipe Line Co., 458 U.S. 50 (1982),] and 28 U.S.C. Secs. 157(b)(1), (c)(1) and (c)(2)").
 
 
 15
 Because the adversary proceeding at issue here is "otherwise related to" the Nichols bankruptcy, i.e., not one which "arises in" or "arises under" the title 11 case, we find that it is a non-core proceeding. As noted above, a bankruptcy judge may hear non-core related proceedings but may not enter final orders. 28 U.S.C. Sec. 157(c)(1). Where, however, a bankruptcy judge has the consent of all the parties, it may enter appropriate orders and judgments. 28 U.S.C. Sec. 157(c)(2).
 
 
 16
 Here, we find that United Capitol impliedly consented to the bankruptcy court's adjudication of the adversary proceeding. See Canal Corp., 960 F.2d at 403 (holding that "a party can impliedly consent to entry of judgment by the bankruptcy court in a non-core related matter"). Despite repeated opportunities before the bankruptcy and district courts to object to the bankruptcy court's exercise of jurisdiction over the adversary proceeding filed against it, United Capitol remained silent, acquiescing in the bankruptcy court's authority to enter appropriate orders and judgments in the matter. We therefore reject United Capitol's contention that the bankruptcy court was without authority to enter orders in the disputed adversary proceeding.[5] III.
 
 
 17
 In addition to challenging the bankruptcy court's jurisdiction to enter a default judgment against it, United Capitol contends that it was an abuse of discretion for the court to do so.
 
 
 18
 Rule 37(d) of the Federal Rules of Civil Procedure gives trial courts wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Mut. Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir.1989). Where, however, the sanction imposed is judgment by default, a trial court enjoys less discretion because such a decision eclipses a party's right to a trial by jury and a fair day in court. Id. This court, therefore, has developed a four-part test which a trial court must apply before it may enter a default judgment. Id. Pursuant to this test, a court must consider: "(1)whether the noncomplying party acted in bad faith; (2)the amount of prejudice his noncompliance caused his adversary ...; (3)the need for deterrence of the particular sort of noncompliance; and (4)the effectiveness of less drastic sanctions." Id.
 
 
 19
 In its sanctions order, the bankruptcy court stated that it had "considered the imposition of [other] sanctions" but had concluded "that there is no reasonable expectation that such 'lesser' sanctions would either remedy the defaults noted in this Order or would adequately meet, redress and deter other conduct in the future, both by this party and other parties." J.A. 202. Although the court's order does state that it considered the effectiveness of less drastic sanctions, it does not identify which alternate sanctions it considered or explain why they could not remedy the situation as effectively as a default judgment. We find that such a conclusory statement does not satisfy this court's requirement that a trial court consider the effectiveness of less drastic sanctions. See Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 520 (4th Cir.1977) (reversing entry of default judgment because, among other things, the district court "never gave any thought to the possibility of an alternative sanction 'lesser' in effect than one granting default judgment"), cert. denied, 434 U.S. 1020 (1978).
 
 
 20
 We accordingly vacate this portion of the bankruptcy court's order and remand the case to the district court with instructions to remand the case to the bankruptcy court to investigate the effectiveness of less drastic sanctions.
 
 
 21
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Nichols subsequently amended the policy to designate "Aubrey G. Nichols and Associates, Inc." as the named insured. By this same amendment, Nichols named Connecticut Mutual and Tryon as the first and second mortgagees
 
 
 [2]
 After it purchased the Tryon Mall at the foreclosure sale, Tryon assigned its interest in the property to Saybein Corporation. Saybein Corporation thereafter conveyed the property to Saybein Partners, which currently owns the mall and has itself filed a voluntary petition for relief under Chapter 11 of the bankruptcy code
 
 
 [3]
 To avoid litigation regarding entitlement to the insurance proceeds, the Nichols trustee, Saybein, Connecticut Mutual, and Tryon negotiated a consent order authorizing the joint prosecution of the claim against United Capitol. The consent order also directs that any recovery from United Capitol will be applied as follows: first, in payment of legal fees and expenses incurred in connection with the litigation; second, in reimbursement of any expenses incurred by Saybein to clear the fire site; third, in payment of unpaid property taxes for the years 1988 and 1989 on the Tryon Mall property; and the balance in payment to Connecticut Mutual. The consent order also gives the Nichols trustee a claim against the Saybein bankruptcy estate, the amount of which is dependent upon the amount of the ultimate recovery from United Capitol
 
 
 [4]
 United Capitol raises several issues in its brief concerning the entitlement of appellees to the insurance proceeds. These issues, however, go to the merits of the adversary proceeding rather than to the jurisdictional issue before us
 
 
 [5]
 In its answer to the appellees' amended complaint, United Capitol demanded a jury trial. United Capitol contends that this jury demand divested the bankruptcy court of jurisdiction over the adversary proceeding because bankruptcy courts are not authorized to conduct jury trials. See Official Comm. of Unsecured Creditors v. Schwartzman ( In re Stansbury Poplar Place, Inc.), 13 F.3d 122, 128 (4th Cir.1993) (holding that "bankruptcy judges are not authorized to conduct jury trials"). We disagree
 United Capitol's jury demand did divest the bankruptcy court of jurisdiction to conduct a jury trial. Stansbury, 13 F.3d at 128 (holding that "where the Seventh Amendment provides the right to a jury trial ... it must take place in the district court"). Contrary to United Capitol's contention, however, a valid jury demand does not strip a bankruptcy court of its jurisdiction to supervise discovery, conduct pre-trial conferences, and rule on pending motions. E.g., Stansbury, 13 F.3d at 128; Jobin v. Kloepfer ( In re M & L Business Mach. Co.), 159 B.R. 932, 934 (D. Colo.1993); Stein v. Miller, 158 B.R. 876, 879-80 (S.D. Fla.1993); Allied Stores Corp. v. Fed. Ins. Co. ( Matter of Federated Dep't Stores, Inc.), 144 B.R. 993, 997 (Bankr.S.D. Ohio 1992); Business Communications, Inc. v. Freeman, 129 B.R. 165, 166 (N.D. Ill.1991); City Fire Equip. Co. v. Ansul Fire Protection, 125 B.R. 645, 648-50 (N.D.Ala.1989). Thus, until a proceeding is ready for trial, a bankruptcy court may continue to oversee pre-trial matters.